2012 BNH 007

_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 11-14410-JMD |
| | Chapter 7 |
| Richard Maville, | |
|     Debtor | |
| | |
| Mindy B. Maville, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 12-1025-MWV |
| | |
| Richard Maville, | |
|     Defendant | |

*Lanea A. Witkus, Esq.*
*WITKUS LAW OFFICE, PLLC*
*Attorney for Mindy B. Maville*

*Richard Maville, Pro se*

## MEMORANDUM OPINION

After bitter and extended state court proceedings and several individual chapter 7 bankruptcy filings, Debtor Richard Maville and Plaintiff Mindy Maville have filed cross motions for summary judgment seeking a determination whether certain of Richard's debts to Mindy are excepted from discharge. The short answer is simple: Richard's chapter 7 bankruptcy discharge does not affect any surviving obligations arising from his divorce from Mindy and the post-divorce court orders addressing those obligations.[1]

The question would be straightforward enough, but for the existence of a state court order that has led Richard to believe that, aside from what he owes by way of alimony and child support (which he

---

[1] This memorandum recites conclusions of law determining the parties' rights in contest at summary judgment. Fed. R. Bankr. P. 7056. Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, et seq.

acknowledges escape discharge as "domestic support obligations" under § 523(a)(5) and § 101(14A)), he owes Mindy no other divorce-sourced obligations eligible for the discharge exception of § 523(a)(15).

## JURISDICTION

Jurisdiction of the subject matter and the parties exists here pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).

## STANDARD

> In order to prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Baltodano v. Merck, Sharp, and Dohme (I.A.) Corp., 637 F.3d 38, 41 (1st Cir. 2011).  A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) .... On issues where the movant does not have the burden of proof at trial, the movant can succeed on summary judgmen by showing "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada, 684 F.3d 237, 241 (1st Cir. 2012).  The analysis is unchanged when cross motions for summary judgment pend; each must be discretely analyzed.  Id.

Summary judgment motion practice is prescribed not only by Fed. R. Bankr. P. 7056, but by local rules governing form and content as well.  See LBR 7056-1.  In this case, neither party's motion adheres to the rules' requirements, yet neither party has objected to the other's motion for that reason.  This is just as well, as the parties agree on the authenticity of the state court decisions and orders they have proffered.  To resolve their motions, I need not look beyond them.

**BACKGROUND**

Having initiated state court proceedings in 2007, Richard and Mindy were finally divorced in 2009.  The original decree established alimony, support, and property division obligations.  The Mavilles have been in and out of state court and bankruptcy court repeatedly.  The pending issue makes it unnecessary to illuminate the specifics and amounts of those obligations.[2]  It is enough to say Richard contends that his property division debt will not survive the chapter 7 discharge.  Mindy disagrees.[3]

**DISCUSSION**

Under the Bankruptcy Code, chapter 7 relief no longer entails discharge of obligations arising from divorce proceedings.

Debts in the nature of alimony and child support have long been categorically excepted from discharge.[4]  However, for a time preceding 2005, debtors had the ability to discharge other divorce-spawned debts if they could demonstrate (1) an inability to pay and (2) that a balance of the hardships occasioned by discharge favored their interests over those of the non-debtor former spouse.  See In re Braslett, 233 B.R. 177 (Bankr. D. Me. 1999) (applying former § 523(a)(15)).  The provision was amended in 2005.  "As part of the 2005 Act, the balancing test governing the dischargeability of debts falling under section 523(a)(15) . . . was deleted.  Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by that section 523(a)(15) is nondischargeable."  Resnick & Sommer,

---

[2]  The unpleasant details are set forth in the state court orders that form the heart of the undisputed summary judgment record.

[3]  In addition to raising nondischargeability under § 523(a)(15), Mindy has alleged that Richard's property division debt resulted from fraud pursuant to § 523(a)(2)(A) and has sought to block his discharge under § 727(a).  Those disputes are not implicated in the pending cross motions.

[4]  Currently, § 523(a)(5) establishes that individual debtors will not be relieved of "domestic support obligations."  Domestic support obligations are defined in § 101(14A) to include debts "in the nature of alimony, maintenance, or support."

4 Collier on Bankruptcy ¶ 523.23 (16th Ed. 2009).  Section 523(a)(15)'s text clearly encompasses the obligations in contest here.[5]

The resolution of this dispute does not hinge on the impact of Richard's chapter 7 bankruptcy on such obligations he owes Mindy stemming from their divorce.  There is none.

Richard, however, seizes on the New Hampshire state court's comment in a July 5, 2012, decision resolving myriad claims.  On the way to its conclusions, the court observed:  "Mr. Maville has filed bankruptcy. . . .  Because of Mr. Maville's bankruptcy filing he will be relieved of any debt owed to Ms. Maville except for child support and alimony."[6]

Richard considers that the state court's observation determined finally that his non-alimony, non-support obligations were (or would be) discharged in bankruptcy.  Although the state court judge may have *expected* that to be the case, the issue was not before him.[7]  He made no *determination* in that regard.

---

[5] Section 523(a) states that the chapter 7 discharge "does not discharge an individual debtor from any debt -

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph 5
that is incurred by the debtor in the course of a divorce or separation agreement or in connection
with a separation agreement, divorce decree or other order of a court of record, or a determination
made in accordance with State or territorial law by a governmental unit.

§ 523(a)(15).

[6] Decision of the New Hampshire Circuit Court, 5th Circuit, Sullivan County, Family Division, Claremont, Case No. 2007-D-22 and -24, and 2007-M-53 (July 5, 2012) (Yazinski, J.) (hereafter "State Court Decision").

[7] The State Court Decision sets forth five issues before the court.  None of them includes determination of the effect of the bankruptcy on Richard's non-alimony, non-support obligations.

## CONCLUSION

Thus, Mindy's motion for partial summary judgment will be granted.  Does that end the matter? Not necessarily.  The parties may return to state court to receive its determination of what, aside from alimony and support, actually remains owing by Richard.  I expect they will.  But the one thing we know is that, should it enter, Richard's chapter 7 discharge will not be the determining factor.[8]

A separate order consistent with this opinion shall issue forthwith.

Dated:  December 20, 2012				/s/ James B. Haines Jr.
						James B. Haines Jr.
						Bankruptcy Judge
						Sitting by designation

---

[8] Sometimes there is light at the end of the tunnel.  Sometimes there is just another tunnel.